Battle, J.
 

 What is ordinary care, ordinary prudence, or diligence, is a question of law to be decided by the court upon the facts to be found by the jury. But a mistake of the court in leaving a question of law to the jury may be rendered harmless by a verdict in accordance with law upon the facts ;
 
 Hathaway
 
 v. Hinton, 1 Jones’ Rep. 243, and the cases there referred to. The facts and circumstances upon which the ver-
 
 *341
 
 diet was found in the present case, are set forth in the bill of exceptions, and the question of law, applicable to them, is open to our review. That question is, did the acts and conduct of the plaintiff constitute such ordinary neglect in the performance of his duties as overseer, as to justify the defendant in discharging him; for if they did, then, it is conceded, that the plaintiff could not maintain his action upon the special contract. "We cannot, upon looking at the proofs, hesitate for one moment in saying that the plaintiff was guilty of ordinary, if not of gross negligence of the proper duties of his business. He had engaged by his contract to superintend two farms of the defendant, and he was bound thereby for a reasonable attention to the defendant’s hands, and for ordinary skill in conducting the operations of the farms. Both these things required his personal presence on the farms, and with the hands, at the usual, and accustomed times for work. Instead of being there, we learn from the testimony of several witnesses, that he was frequently seen at the depot near which he lived, drinking at grog shops, and on one occasion playing at cards. These visits at the depot were most frequent on Sunday, but they were not unfrequent on the other days of the week, and they were made at different hours of the day— morning, noon, and at night. Can there be any doubt that such a course of conduct, continued for three months, was a neglect of his business ? Would any farmer, of ordinary prudence, have borne with it, even as long as the defendant seems to have done ?
 

 But it is said the defendant did not remonstrate with him. We are not aware of anj- rule of law which requires proof of the defendant that he had done so. The parties were equally free, and are presumed to have equally understood the duties and obligations incurred bjr their contract.
 

 It is said further, in the argument here, that there was no proof that the inattention of the plaintiff had caused, or was likely to cause, any injury to the defendant. The obvious reply is, that it had a tendancy to damage him, and he was not
 
 *342
 
 bound to wait until his crops were ruined before he removed the cause of the impending evil.
 

 Our conclusion is, that the presiding Judge erred in leaving to the jury a question of law which he ought to have decided himself; that his error has not been corrected by a proper finding of a jury, and that, consequently, the judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Pee OueiaM. Judgment reversed.